**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:13CR49-01 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE SOLOMON OLIVER |
| v. ) | |
| ) | |
| JAMES GIBSON, ) | MAGISTRATE JUDGE WHITE |
| ) | |
| Defendant ) | **MEMORANDUM OPINION & ORDER** |
| ) | |

On February 5, 2015, Defendant James Gibson's Motion for Leave to Appeal *In Forma Pauperis* and Motion for Appointment of Counsel (Doc. No. 108) and subsequent Application to Proceed *In Forma Pauperis* on Appeal (Doc. No. 114) were referred to the undersigned for disposition. For the following reasons, the Court finds Defendant has met the indigency requirements for purposes of appeal and, therefore, Defendant's Motions are GRANTED to the extent set forth herein.

## I. Procedural Background

On January 30, 2013, Defendant Gibson was indicted on four counts of access device fraud based on his alleged use of counterfeit credit cards. (Doc. No. 1.) Defendant retained counsel and, on February 22, 2013, pled not guilty. (Doc. No. 6.) On April 25, 2013, Defendant (along with his co-defendant) filed a Motion to Suppress evidence, on which a hearing was conducted in June and July 2013. (Doc. No. 26 and 43; and Non-Document Order dated July 10, 2013.) On August 30, 2013, the Court denied Defendant's Motion to Suppress. (Doc. No. 48.)

A superseding indictment was filed on September 11, 2013 charging Defendant with one count of Conspiracy to Commit Access Device Fraud in violation of 18 U.S.C. § 1029(b)(2) (Count I); one count of Use of Unauthorized Access Devices Aiding and Abetting, in violation of 18 U.S.C. § 1029(a)(2) (Count II); one count of Possession of 15 or more Counterfeit or Unauthorized Access Devices, Aiding and Abetting, in violation of 18 U.S.C. § 1029(a)(3) and 18 U.S.C. § 1029(c)(1)(A)(i) (Count III); and, one count of Possession of Device-Making Equipment, Aiding and Abetting, in violation of 18 U.S.C. § 1029(a)(4) and 18 U.S.C. § 1029(c)(1)(A)(ii) (Count IV.) (Doc. No. 51.) On December 11, 2013, Defendant pled guilty to all four counts. (Doc. No. 61.) The Court accepted his plea on February 20, 2014. (Doc. No. 70.)

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report, which included information about Defendant's employment record and financial condition. (Doc. No. 76.) Among other things, this Report noted that Defendant owned two vehicles; had a net monthly income of $2,350.00; and, had a total net worth of $19,245.50. *Id*. at 15-16. Defendant also reported that he had an almost 50% ownership in Exclusive Auto Body

located in Orlando, Florida; and, that this company was worth approximately $600,000. *Id*. at 15. He further stated he is the owner/operator of a company called Direct Destination Transportation, and that he earns an average gross yearly income of $40,000. *Id.*

On March 25, 2014, the Court sentenced Defendant to a term of 18 months custody on each of the four counts to which he pled guilty, and ordered that these sentences be served concurrently. (Doc. No. 88 at 3.) Defendant was also ordered to make restitution in the amount of $7.141.67. *Id*. at 6.

On April 4, 2014, Defendant filed a Notice of Appeal to the Sixth Circuit and paid the filing fee of $505.00. (Doc. No. 92.) He also filed a Motion to Stay Execution of Sentence pending his appeal, which was denied. (Doc. Nos. 94, 102.)

On November 3, 2014, Defendant filed a Motion for Leave to Appeal *In Forma Pauperis* and Motion to Appoint Counsel.[1] (Doc. No. 108.) Defendant attached two Affidavits to his Motion, in which he indicated he had no employment income; no assets of any kind; and, no employment history. (Doc. No. 108-1, 108-2.) On November 5, 2014, the United States responded to Defendant's Motion. (Doc. No. 110.) It noted that the financial affidavits attached to Defendant's motion were inconsistent with the financial/ability to pay information set forth in the Presentence Investigation Report, and requested that the Court "consider these apparent inconsistencies prior to determining Defendant Gibson's financial status." *Id*. at 2.

On November 20, 2014, the Court ordered Defendant to "file a further submission of his

---

[1] Also on November 3, 2014, Defendant's retained counsel, Timothy S. Deeb, moved to withdraw as counsel of record, stating that he was "retained by the defendant to represent him through trial and sentencing." (Doc. No. 109.) The Motion was granted via non-document order dated November 14, 2014.

-3-

financial status explaining the discrepancies through affidavits." (Doc. No. 113.) On January 29, 2015, Defendant filed an Application to Proceed *In Forma Pauperis* in response to this Order. (Doc. No. 114.) Therein, Defendant disclosed his previous employment history at Direct Destination Transportation and Exclusive Auto Body. *Id.* at 2. He also stated he has $49.00 in monthly income and $532.00 in his prisoner account. *Id.* at 1-2. He continued to claim that he has no assets, and indicated he has $2,100 in monthly expenses (including rent, utilities, and $925.84 per month in credit card bills). *Id.* at 2-4. Finally, Defendant stated the following:

> Due to my time in prison me and my spouse separated and she is filing for divorce. The little money I had left went to left over bills and Frp payment while I have been in prison not working. I had friends and family that has been helping me out as much as they can but it [is] very stressful for them. I have max[ed] out all my credit cards and sold any little assets that I had. My wife moved and I don't know where she lives and I haven't spoken to my daughter. Prison has been extremely hard for me. Enclosed I attach a 6 month financial statement from the prison.

(Doc. No. 114 at 4-5.) Although referenced above, Defendant did not attach a prison financial statement.

On February 5, 2015, the Court referred Defendant's motions to the undersigned for disposition. *See* Non-Document Order dated February 5, 2015.

**II. Analysis**

In his Motion, Defendant requests the Court declare him indigent for purposes of (1) appointment of counsel on appeal to the Sixth Circuit; and, (2) responsibility for "the filing fees and payment of the transcript in connection with said appeal." (Doc. No. 108 at 1.)

The Criminal Justice Act ("CJA") provides that the United States must bear the expense of counsel "... for any person financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a). "A person is 'financially unable to obtain counsel' within the meaning of subsection

(b) of the CJA if his net financial resources and income are insufficient to enable him to obtain qualified counsel." *U.S. v. Bennett*, 2008 WL 356529 at * 2 (E.D. Tenn. Jan. 30, 2008) (quoting *United States v. Salemme*, 985 F.Supp. 197, 201 (D.Mass.1997)). *See also United States v. Quinlan,* 223 F. Supp. 2d 816, 817 (E.D. Mich. 2002); *United States v. Zelenka*, 112 F.Supp.2d 708, 712 (M.D. Tenn. 1999); Guide to Judiciary Policy, Volume 7A, Chapter 2 (Appointment and Payment of Counsel) at § 210.40.30(a).

The defendant bears the burden of proving that he is financially unable to obtain counsel. *See Bennett*, 2008 WL 356529 at * 2; *Salemme*, 985 F.Supp. at 201. As part of this burden, a defendant "has the responsibility of providing the court with sufficient and accurate information upon which the court can make an eligibility determination." Guide to Judiciary Policy, Volume 7A, Chapter 2 at § 210.40.20(f). In determining financial inability, "courts generally consider a defendant's income, assets, liabilities, and other obligations." *Zelenka*, 112 F.Supp.2d at 712. "Any doubts as to the person's eligibility should be resolved in his favor; erroneous determinations of eligibility may be corrected at a later time." Guide to Judiciary Policy, Volume 7A, Chapter 2 at § 210.40.20(f). *See also Zelenka*, 112 F.Supp.2d at 712.

Upon careful review, the Court determines Defendant has demonstrated he is indigent for purposes of appeal.[2] While Defendant's Applications are inconsistent with the financial information contained in the Presentence Investigation Report ("PSR"), the Court notes the PSR was prepared nearly a year ago (in March 2014) and at a time when Defendant was not

---

[2] The Court notes Defendant failed to submit a Form CJA 23 (Financial Affidavit) in support of his Motion. However, he did submit an Application to Proceed *In Forma Pauperis*, which requires the same financial information as the Form CJA 23.

incarcerated.[3] As Defendant was subsequently arrested in April 2014 and has been in custody for over ten months, the Court accepts his representation that he is no longer receiving his previous monthly income from either Direct Destination Transportation or Exclusive Auto Body. Moreover, Defendant has sworn, under penalty of perjury, that he has sold his assets, which would presumably include his two vehicles.

With regard to Defendant's statement that he has a 50% ownership in Exclusive Auto Body, the Court asked the United States Probation Office to investigate. The Probation Office has been unable to verify that Defendant ever held an ownership interest in Exclusive Auto Body. Although the Court is puzzled to find there is no evidence that Defendant ever held an interest in this company (particularly in light of Defendant's statements to the contrary to the Probation Office in connection with the preparation of the PSR), the fact remains the Court cannot verify that Defendant does, in fact, have an interest in this company. Accordingly, the Court is compelled to find that he does not have this asset at his disposal.

In light of the fact Defendant reports having no assets, and monthly expenses ($2,100) greatly exceeding his monthly income ($49), the Court finds Defendant has demonstrated that he is indigent. With respect to Defendant's request to proceed *in forma pauperis* as to filing fees and transcript expenses, the Court notes Defendant already paid the $505 filing fee when he filed his Notice of Appeal to the Sixth Circuit. Thus, Defendant's request that he be excused from paying the filing fee is moot. Additionally, as Defendant has demonstrated he is indigent, the Court further finds he is entitled to appointment of counsel on appeal.

---

[3] The docket reflects Defendant was released on bond. (Doc. Nos. 6, 7, 8 and Minutes of Proceedings held on September 24, 2013.) A warrant for his arrest was issued on April 10, 2014 and returned executed on April 18, 2014. (Doc. Nos. 96, 103.)

Accordingly, and for all the reasons set forth above, Defendant's Motions (Doc. Nos. 108, 114) are GRANTED to the extent set forth herein.

IT IS SO ORDERED.

s/ Greg White  
U.S. MAGISTRATE JUDGE

Date:   February 26, 2015